J-S81003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KENYATTA HOLLOWAY | No. 3758 EDA 2015 |

Appeal from the Order November 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009122-2015

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 13, 2017**

The Commonwealth appeals from the order denying its request to refile charges of first-degree murder or murder generally against Appellee, Kenyatta Holloway. We reverse and remand.

This matter arose following the death of Antoine Wilkinson. On March 28, 2015, Appellee and Wilkinson were living together. Appellee's ten-year-old brother, J.F., overheard Appellee and Wilkinson become ensnared in a heated argument regarding Wilkinson's alleged rough treatment of Appellee's three-year-old son, and objects breaking while the two adults loudly argued. When J.F. entered the room, Appellee told him to go outside with her son. J.F. complied, but soon after, was called back into the residence.

* Former Justice specially assigned to the Superior Court.

Upon returning, the boy observed Wilkinson sitting on the floor. Unbeknownst to the boy, Wilkinson was either dead or dying. Appellee directed him to clean up broken glass scattered throughout the house. As they cleaned, Wilkinson did not move, and J.F. noticed a knife on the floor nearby. The police arrived some time later; however, when they arrived, the knife was no longer in the living room.

Wilkinson died of a single, fatal stab wound to his chest. Appellee spoke with Detective Jeff Burke who was assigned to investigate the death. She told Detective Burke that Wilkinson had returned home with the stab wound, apparently inflicted by a third-party. Appellee identified that person, but further investigation proved this recounting of events to be fabricated. Appellee was arrested and charged with murder generally and possession of an instrument of crime.

On September 9, 2015, a preliminary hearing was held before the Philadelphia municipal court. The Commonwealth proffered the testimony of J.F., Detective Burke, and stipulated to the contents of the medical examiner's report as to Wilkinson's cause of death. Nevertheless, the court barred the Commonwealth from pursuing a first degree murder charge, finding no evidence that Appellee exhibited a specific intent to kill Wilkinson.

On September 14, 2015, the Commonwealth filed a notice of its intent to refile the criminal complaint. The court held a hearing on the matter on November 16, 2015, and after considering additional evidence, denied the

Commonwealth's motion to refile the criminal complaint including a charge for first degree murder. The Commonwealth filed a timely appeal and complied with the trial court's directive to file a Rule 1925(b) statement of matters complained of on appeal. The court authored its Rule 1925(a) opinion and this matter is now ripe for review.

The Commonwealth brings one issue to our attention: "Did the lower court err in declining to permit refiling of the charge of murder of the first degree or murder generally where the evidence was sufficient to establish a *prima facie* case that [Appellee] fatally stabbed the victim in the chest?" Commonwealth's brief at 1.

At a preliminary hearing the Commonwealth must establish a *prima facie* case. **Commonwealth v. Claffey**, 80 A.3d 780, 788 (Pa.Super. 2013). A *prima facie* case requires evidence tending to prove the existence of each material element of the charged offenses and probable cause to believe the defendant committed the crimes such that, if that evidence were proffered at trial, the court would be warranted in presenting the case to the finder-of-fact. **Id**. Whether the Commonwealth presented sufficient evidence to establish a *prima facie* case is a question of law. Thus, our standard of review is plenary, and we are not bound by the legal determinations of the trial court. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa.Super. 2016).

When determining whether the Commonwealth established a *prima facie* case, "we view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict." ***Commonwealth v. Landis***, 48 A.3d 432, 444 (Pa.Super. 2012) (citation omitted). This standard "does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage." ***Id***. (citation omitted). Instead, the Commonwealth must simply present evidence of each element of the crime charged. ***Id***.

To sustain a conviction for first-degree murder, the court must find that: (1) a human being was unlawfully killed; (2) the defendant was responsible for the killing; and (3) the defendant acted with malice and a specific intent to kill, that is, a "willful, deliberate and premeditated killing." ***Commonwealth v. Woodard***, 129 A.3d 480, 490 (Pa. 2015); 18 Pa.C.S. § 2502(a), (d). Specific intent to kill can be proven through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body. ***Commonwealth v. Mattison***, 82 A.3d 386, 392 (Pa. 2013).

The trial court determined that the Commonwealth failed to produce evidence of Appellee's specific intent to kill Wilkinson. The court asserted that the evidence proffered by the Commonwealth demonstrated that Appellee and Wilkinson were involved in a heated argument. It observed that, "[a] single stab would under these circumstances, during a mutual

affray, clearly demonstrates legal malice." Trial Court Opinion, 3/14/16, at 5. However, it stated that, "without more, a finding of specific intent to kill would be based on speculation rather than reasonable inference." *Id*. Moreover, the court was not persuaded that Appellee's post-incident attempt to cover-up Wilkinson's death was probative of her intent to kill him. It discounted this evidence, and further referred to the Commonwealth's reliance on evidence that Appellee used a deadly weapon on a vital area as a "quasi-presumption." *Id*. at 6. Thus, it concluded that the Commonwealth had not met its burden of presenting evidence of every element of first degree murder.

The Commonwealth assails the trial court's ruling that it failed to produce evidence of Appellee's specific intent to kill Wilkinson, contending that the evidence that Appellee stabbed the victim in the chest creates an inference that she specifically intended to kill him. In addition, it asserts that Appellee's specific intent is bolstered by her attempt to conceal her involvement in the homicide, first by cleaning up the crime scene, and then by falsely accusing a third-party of committing the crime. The Commonwealth reasons that the trial court's reliance on the mutuality of the altercation does not preclude the possibility that Appellee intended to murder Wilkinson. The Commonwealth concludes that, when considering this evidence together, it offered sufficient proof to establish a *prima facie* case that Appellee stabbed Wilkinson with the intent to kill him. We agree.

At the first preliminary hearing, the Commonwealth offered the testimony of Appellee's brother, J.F., who recounted the events leading up to Wilkinson's death. J.F. intimated that, during a heated exchange with the victim, Appellee directed him to leave the house. Preliminary Hearing, 9/9/15, at 14. When he reentered the house, his sister did not call 9-1-1, but rather, instructed him to help clear the broken glass scattered throughout the house. *Id*. at 15; 17. Moreover, the alleged murder weapon, which had been lying on the floor near Wilkinson, disappeared before police arrived. *Id*. at 18-19. J.F. stated that he did not move the knife, but that it had been moved. *Id*. at 19.

The Commonwealth also entered a stipulation as to Wilkinson's cause of death. It produced a medical examiner's report indicating that he died from a single stab to the lower anterior chest wall, which penetrated his left lung and lacerated the left main pulmonary artery. *Id*. at 31-32. Finally, the Commonwealth presented the testimony of Detective Burke who was responsible for the homicide investigation. Detective Burke indicated that, upon arriving at the scene of the murder, Appellee stated that Wilkinson had returned home with the wound, and that the wound was inflicted by a third party. *Id*. at 33-34. That person was identified, but further investigation proved that the third party did not stab the victim. *Id*. at 34.

A second hearing was held after the Commonwealth refiled the criminal complaint. At this hearing, the Commonwealth again offered

testimony by Detective Burke. Detective Burke relayed further information obtained during his ongoing investigation from Wilkinson's brother, C.W. C.W. had provided the detective with information regarding an earlier incident in the summer of 2014 between Appellee and Wilkinson wherein Appellee had purportedly attacked Wilkinson with a razor blade. Preliminary Hearing, 11/16/15, at 7-8. C.W. then supplied the detective with photographs of Wilkinson's alleged injuries.

Upon our review of the certified record, the trial court did not give effect to the reasonable inferences available to support intent. The court grounded its conclusion on its belief that a single stab wound to a vital part of the body inflicted during an argument is a mere "quasi-presumption," which it found could not alone support a finding that Appellee acted with the requisite intent to kill when she stabbed Wilkinson. Although it is not clear from the trial court's opinion what a "quasi-presumption" is, we find that the evidence, when considered as a whole, is sufficient to establish a *prima facie* case of first degree murder.

As noted above, the trial court determined that Appellee's behavior before and after Wilkinson's slaying was probative of malice, but not intent. Trial Court Opinion, 5/14/15, at 5-6. Indeed, it stated that, without more evidence, a finding of specific intent would be based on "speculation." **Id**. at 5. We agree with the court that Appellee's behavior is proof of legal malice,

but disagree that the additional evidence does not support the reasonable inference that Appellee had the specific intent to kill Wilkinson.

Instantly, we can reasonably infer from the circumstances outlined above that Appellee's conduct on the day in question evidences that Appellee deliberately killed Wilkinson. Despite being engrossed in an animated exchange, Appellee ordered her brother to exit the house. Shortly thereafter, she called him in to help clean up the evidence of her battle with Wilkinson. In the interim, Appellee attacked and killed the victim by stabbing him in a vital portion of his body. A reasonable person could find that Appellee had formulated a plan to kill Wilkinson, but did not want her brother and son present for the encounter. Following the attack on Wilkinson, Appellee did not call the paramedics, but rather, evinced a determination to avoid accountability. Not only did she hide the supposed murder weapon before police appeared at her house, when they did arrive, she deceived the officers as to the cause of Wilkinson's death.

Although there is no indication that Appellee formed her intent to kill Wilkinson prior to their argument on the day in question, the period of premeditation necessary to form the specific intent to kill may be very brief and can be formulated in a fraction of a second. *Commonwealth v. Hitcho*, 123 A.3d 731, 746 (Pa. 2015). When we view this evidence in the light most favorable to the Commonwealth, and in light of the presumption that the use of a deadly weapon on a vital part of the body raises the factual

presumption of a specific intent to kill, we can reasonably infer that Appellee possessed the conscious purpose to slay Wilkinson when she stabbed him in the chest, and then sought to cover up her crime. **Landis**, **supra**. These actions not only corroborate a consciousness of guilt, but also substantiate the inference that Appellee formulated a plan to murder Wilkinson, albeit during a heated dispute, and then carried out that plan in order to escape prosecution for his death.

The evidence proffered by the Commonwealth supports the presumption that Appellee acted with specific intent to kill when she used a deadly weapon on a vital part of his body. Thus, for the purposes of establishing a *prima facie* case, we find that the Commonwealth bore its burden of supplying probable cause to believe the defendant committed first degree murder such that, if that evidence were proffered at trial, the court would be warranted in presenting the case to the finder-of-fact.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017